UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBYN SUE HARBOT,

          Plaintiff,

      v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

          Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6371L

## INTRODUCTION

  Plaintiff Robyn Sue Harbot ("plaintiff"), brings this action under 42 U.S.C. §405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that she is not disabled under the Social Security Act.

  Plaintiff originally applied for a period of disability and disability insurance benefits, as well as supplemental security income, on March 28, 2012. She listed a disability onset date of April 26, 2009. (Dkt. #10-2 at 35). Plaintiff's applications were initially denied. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on July 16, 2013 via videoconference before ALJ Marie Greener. The ALJ issued a written decision on August 27, 2013, concluding that plaintiff was not disabled. Plaintiff appealed to the Appeals Council, which remanded the matter with instructions to the ALJ to obtain additional evidence, further evaluate the claimant's mental impairments, give further consideration to the plaintiff's residual functional capacity ("RFC"), and if warranted, obtain additional evidence from medical and/or

vocational experts. On August 19, 2015, the ALJ held a supplemental hearing by videoconference, at which the plaintiff appeared with her counsel and testified.

On November 10, 2015, the ALJ issued a second decision, again determining that plaintiff was not disabled under the Act (Dkt. #10-2 at 35-48). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 21, 2017. (Dkt. #10-2 at 1-3). This appeal followed.

The plaintiff has moved (Dkt. #13) and the Commissioner has cross moved (Dkt. #18) for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for the calculation and payment of benefits.

**DISCUSSION**

**I.    Applicable Standards**

A person is considered disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In order to determine whether a claimant is disabled, an ALJ employs a consecutive five-step inquiry, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

The Commissioner's decision that plaintiff was not disabled must be affirmed if it applies the correct legal standards and is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998).

**II.     The ALJ's Decision**

The ALJ found that plaintiff had severe impairments, consisting of cervical spine impairment, psychogenic non-epileptic attacks, obesity, mild neurocognitive disorder, depressive disorder, posttraumatic stress disorder ("PTSD"), dissociative identity disorder (commonly known as "multiple personality" disorder), conversion disorder and panic disorder.   (Dkt. #10-2 at 38).

Upon review of the record, the ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to perform light work, except that plaintiff is limited by a fainting disorder with episodes once per day for one minute, with no recovery time required.  Claimant is unable to operate motor vehicles or heavy equipment, and cannot work at unprotected heights or use ladders or scaffolds.  Plaintiff is unable to use cutting tools, and may not work near machinery with unprotected moving parts, or near water such as lakes or swimming pools.   Further, she is limited to routine daily tasks and duties in the same workplace that do not significantly change in pace or location on a daily basis.   (Dkt. #10-2 at 41).

When presented with this RFC, vocational expert David A. Festa testified that a person with plaintiff's RFC could perform the positions of routing clerk, cafeteria attendant and cleaner, housekeeping.  (Dkt. #10-2 at 47).   The ALJ accordingly concluded that plaintiff, at the time of her application a 46-year-old woman with a high school education and past relevant work as a bus monitor, was not disabled.

**A.     The Treating Physician Rule**

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence."  *Shaw*, 221 F.3d at 134.   In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the

3

treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist. 20 C.F.R. §404.1527(d)[1]. Further, the ALJ must articulate her reasons for assigning the weight that she does accord to a treating physician's opinion. *See Shaw*, 221 F.3d at 134. *See also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("[f]ailure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand") (internal quotations omitted). An ALJ's failure to apply these factors and provide reasons for the weight given to the treating physician's report is reversible error. *See Snell*, 177 F.3d 128 at 134.

Dr. Anwar Ahmed, a psychiatrist who treated plaintiff on a monthly basis, and supervised her treatment every two weeks with licensed clinical social worker Jackie Hurst, co-signed an RFC assessment by Ms. Hurst on March 13, 2014, reflecting plaintiff's treatment beginning September 23, 2011. Dr. Ahmed noted that plaintiff had been diagnosed with major depression with psychotic features, PTSD, dissociative identity disorder, conversion disorder with attacks or seizures, agoraphobia, panic disorder, and an unspecified learning disorder. (Dkt. #10-7 at 825). Plaintiff's prognosis was "guarded," and Dr. Ahmed opined that plaintiff was "unable to meet competitive standards" or had "no useful ability to function" with respect to remembering work procedures, understanding and remembering even simple instructions, maintaining attention and concentration for two hours, sustaining an ordinary routine without supervision, making simple work-related decisions, completing a normal workday or workweek without interruptions, performing at a consistent pace without an unreasonable number and length of rest periods, getting

---

[1] A recent change to the Administration's regulations regarding the consideration of opinion evidence will eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844, 5848-49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416). For the purposes of this appeal, however, the prior version of the regulation applies.

4

along with coworkers or peers, responding appropriately to changes in a routine work setting, dealing with normal work stress, and taking care around normal hazards. (Dkt. #10-7 at 827).

The ALJ summarily rejected Dr. Ahmed's opinion and gave it "little" weight, citing the fact that the form Dr. Ahmed used included a "check box" portion. The ALJ also interpreted Dr. Ahmed's statement that, "[w]hile it is within the realm of possibility that [plaintiff] could undertake some kind of work despite her depression, anxiety, flashbacks, panic attacks, avoidance of people and auditory hallucinations, it is inconceivable she could do so given her seizure activity," as a concession that plaintiff's mental impairments do not preclude her from working. (Dkt. #10-2 at 45).

Initially, the Court finds the ALJ's analysis of Dr. Ahmed's opinion to be both legally and factually erroneous. While the form Dr. Ahmed used did contain some check-boxes, the opinion was fully supported by narrative explanations: indeed, the "check-box" sections are accompanied by hand-written explanatory notes which fill the margins of the relevant pages, overflowing into a a page-and-a-half attachment of single-spaced, typewritten notes expounding on the hand-written answers given on the form, and discussing plaintiff's symptoms – their severity, frequency, and impact on her ability to perform specific functions – in detail. Indeed, it is hard to imagine how the bases for Dr. Ahmed's opinions concerning plaintiff's diagnoses, symptoms, and resulting limitations could have been described or supported with any greater completeness or specificity. (Dkt. #10-7 at 825-32).

Furthermore, to the extent that the ALJ purported to rely on Dr. Ahmed's speculative statement that it is "within the realm of possibility" that plaintiff's mental limitations might permit work if standing alone but the addition of her seizure disorder would not, such statements on the ultimate issue of disability are not creditable, as that issue is reserved for the Commissioner. *See*

5

*Snell*, 177 F.3d 128 at 134. It is not Dr. Ahmed's opinion on plaintiff's employability (which, in any event, was that plaintiff was *not* ultimately employable) that should have guided the ALJ's analysis, but rather Dr. Ahmed's opinions as to the limitations caused by plaintiff's symptoms such as sleep disruption, intrusive voices from alternate personalities, uncontrollable psychogenic seizures (sometimes causing falls), panic attacks, and social withdrawal, which the form and its attachment identify and discuss in considerable detail.

The ALJ made similar errors in her summary rejection of the opinions of plaintiff's other treating psychiatrist, Dr. Sharifuzzama Siddiqui, who cosigned an opinion by treating licensed master social worker Dorrit Ram concerning plaintiff's biweekly therapy from September 2011 through the August 4, 2015 date of the opinion, and also submitted a letter to plaintiff's counsel describing the duration and effects of plaintiff's regular seizures. (Dkt. #10-8 at 1121-29, 1138-39). The ALJ rejected Dr. Siddiqui's opinions, again criticizing the use of a "check-box" form. The ALJ further found that Dr. Siddiqui's mention of symptomology not mentioned elsewhere in the record, including self-harm behaviors and low intellectual functioning, eroded the credibility of the opinion, as did the fact that it was cosigned, rather than authored, by Dr. Siddiqui. Finally, the ALJ concluded that Dr. Siddiqui's letter to plaintiff's counsel concerning plaintiff's seizures was probably a response to an attorney inquiry which must have contained "leading language," and therefore gave it "little" weight. (Dkt. #10-2 at 46).

As with Dr. Ahmed's opinion, the ALJ's analysis of Dr. Siddiqui contains several errors. First, the ALJ made no attempt to apply the treating physician rule or to discuss any of the relevant factors. The ALJ's characterization of Dr. Siddiqui's opinion as a mere "check-box" form was factually incorrect, as the margins of the form were filled with hand-written notes and it was, like Dr. Ahmed's opinion, accompanied by a multi-page, single-spaced typewritten supplemental

6

attachment which explained the clinical bases for the limitations it described. *See generally Rankov v. Astrue*, 2013 U.S. Dist. LEXIS 46969 at *28-*31 (E.D.N.Y. 2013). While it is true that the form was cosigned by Dr. Siddiqui, the ALJ's presumption that it was entitled to any less weight because of this was incorrect: an opinion signed by a treating physician is presumed to be entirely his, regardless of whether he authored it. *See e.g., Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir. 1999); *Lewis v. Colvin*, 2018 U.S. Dist. LEXIS 30539 at *6 (W.D.N.Y. 2018). The ALJ's observation that the opinion contained symptomology not mentioned elsewhere in the record (e.g., self-harm and low intellectual functioning) is factually incorrect, as treatment notes and Dr. Ahmed's opinion also mentioned these symptoms. (Dkt. #10-7 at 828, 971, 1000, 1032, 1035, 1048, 1060, 1071). Finally, the ALJ's cavalier dismissal of Dr. Siddiqui's opinion letter to plaintiff's counsel on the basis of the ALJ's unfounded suspicion that the attorney had supplied "leading language" in requesting it – without any meaningful application of the treating physician rule, or even any discussion of the opinion on its merits – was improper.

In summary, the ALJ's conclusory dismissal of Dr. Ahmed's and Dr. Siddiqui's opinions, and her failure to consider any of the factors relevant to the evaluation of treating physicians' opinions or to provide any "good reasons" for rejecting them, was error. Her determination that Dr. Ahmed's and Dr. Siddiqui's opinions were not entitled to controlling weight failed to properly consider the relevant factors and is unsupported by the evidence of record. *See* 20 C.F.R. §404.1527(d)(2).

**B. The Commissioner's Burden to Prove That Plaintiff Can Perform Work**

At step five of the disability determination, the Commissioner has the burden of proving that there are other jobs that plaintiff can perform, in light of her age, education, work experience, and RFC. *See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). That burden was not met

here when the ALJ relied on testimony by a vocational expert to determine that plaintiff was "not disabled," because the hypothetical RFC that the vocational expert was provided was based on an improperly-supported rejection of the opinions of plaintiff's treating psychiatrists. As a result, the record does not provide substantial evidence that plaintiff can perform other work. *See Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980); *Mathews v. Barnhart*, 220 F. Supp. 2d 171, 175-76 (W.D.N.Y. 2002).

Remand for the purpose of calculation of benefits is warranted where the record demonstrates the claimant's disability, and where there is no reason to conclude that there is additional evidence to support the Commissioner's claim that a claimant is not disabled. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (where the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose, a remand for calculation of benefits is appropriate); *Martinez v. Commissioner*, 262 F. Supp. 2d 40, 49 (W.D.N.Y. 2003) (same). That standard has been met here.

If the opinions of Dr. Siddiqui and Dr. Ahmed are given controlling weight, they establish that plaintiff's symptoms (and in particular, her frequent psychogenic non-epileptic attacks) will result in her requiring lengthy recovery breaks, will cause her to miss at least two days of work per month, and will frequently render her unable to complete a workday. (Dkt. #10-7 at 827, 829; Dkt. #10-8 at 1123, 1125, 1138-39). Per the testimony of the vocational expert at plaintiff's hearing, an individual with these limitations would not be able to meet the demands of any job. (Dkt. #10-2 at 149-50).

Based on the foregoing, the Commissioner has failed to meet her burden to set forth good reasons why the opinions of plaintiff's treating psychiatrists are not entitled to controlling weight, and/or to demonstrate that plaintiff can perform any work that exists in the economy. The record

is clear that if the opinions of plaintiff's treating psychiatrists control, there are no jobs in the national economy that plaintiff can perform.  *See e.g.*, *Bogdan v. Colvin*, 2016 U.S. Dist. LEXIS 48478 (W.D.N.Y. 2016) (reversing and remanding for calculation of benefits where treating psychiatrist's opinion establishes disability as a matter of law).  As such, additional proceedings would serve no proper purpose, and remand for the calculation and payment of benefits is warranted.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #13) is granted.  The Commissioner's cross-motion for summary judgment (Dkt. #18) is denied.  The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded solely for the calculation and payment of benefits.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 27, 2018.